**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: ) | |
| ) | |
| ALEXANDER N. KIM, ) | Case No. 10-33960-MER |
| LAURA J. FOSTER, ) | Chapter 7 |
| Debtors. ) | |

**MOTION TO CONTINUE HEARING ON TRUSTEE'S MOTION FOR SALE OF WATER RIGHTS AND RELATED RELIEF**

ALEXANDER KIM and LAURA J. FOSTER (collectively the "Debtors"), through their undersigned counsel, respectfully move this Court for an Order Continuing the Hearing set for November 16, 2017 before this Court on the Chapter 7 Trustee's Application for Authority to Sell Assets; and Trustee's Motion for an Order Approving Overbid and Auction Procedures, Break-up Fee and Buyer Administrative Claim (collectively the "Water Sale Motions") and the Debtors objections thereto, and state as follows:

1. The Trustee filed an Application for Authority to Sell Assets (namely water rights), and a Motion to Set Bidding Procedures. *See* Docket Nos. 350 & 352, respectively. The Debtors opposed both motions. See Docket Nos. 359 & 360. Such motions are therefore contested matters under Fed.R.Bankr. 9013, thereby permitting discovery.

2. The Court has scheduled a hearing on the Trustee's Water Sale Motions for November 16, 2017. *See Docket No. 477.* Likewise, the Court has set deadlines for the filing and exchange of witness and exhibits lists of November 6, 2017. *Id.*

3. In order to prepare for the hearing, the Debtors require the examination of the Trustee, as the moving party, and of the buyer. The Debtors need to determine whether the sale is in the best interests of the estate, whether the Trustee has properly exercised his business judgment, and whether the terms of the sale are reasonable, among other issues.

4. Following consultation with the Trustee, the Debtors scheduled the deposition of the Trustee for November 7, 2017. The Debtors issued a subpoena to the Trustee for his examination.

5. Similarly, the Debtors issued a subpoena to the principal buyer, ECM Resources, Inc. ("ECM") for November 7, 2017 at 3:00 p.m. The subpoena was both to compel production of documents and an appearance to give testimony.

6. Prior to issuing the Subpoenas, the undersigned attempted to contact the principal of ECM, Ms. Emily McCulliss. However, ECM never returned any of the calls to arrange for a mutually convenient date and time.

7. The undersigned process server attempted, on numerous occasions, to serve Ms. McCulliss with a subpoena. Ms. McCulliss refused to return the process servers calls. When the undersigned's process server attempted to go to ECM's place of business (the same as Ms. McCulliss' personal address), the property was a residential home. The parties at such address advised the undersigned's process server that Ms. McCulliss no longer lived there. The undersigned then located another address for Ms. McCulliss. The undersigned's process server made four (4) attempts at the new address to contact and serve Ms. McCulliss, without success. As a result, Ms. McCulliss has not been served with a subpoena.

8. Pursuant to D.Colo.L.Civ.R. 45.1 and Fed.R.Bankr.P. 9016, a subpoena must be served no later than seven (7) days before the examination. As timely service was not made, the Debtors cannot move forward with the deposition of ECM on November 7, 2017.

9. Given the above, the Debtors cannot adequate prepare for the hearing on the Trustee's Water Sale Motion without examining ECM and the Trustee.

10. The Debtors prefer to minimize costs and take the depositions of the Trustee and ECM as close in time as practicable. The Trustee did produce documents to the Debtors on his attempts to sell the Debtor's water rights as of this Motion. However, ECM has not produced any documents.

11. Due to ECM and Ms. McCulliss refusal to communicate with the Debtors and inability to obtain process service, the Debtors seek a continuance of the hearing on the Trustee's Water Sale Motions. As the Debtors are unable to determine whether ECM will ever submit to an examination, the Debtors assert that a continuance of 60 days is appropriate so that the Debtors may either serve a new subpoena upon ECM or seek an order from this Court compelling ECM's attendance at a deposition. The Debtors also seek an extension of the time in which to disclose their witnesses and exhibits for the continued hearing on the Trustees' Water Sale Motion.

12. Pursuant to Fed.R.Bankr.P. 9006, the Court may extend the time within which for parties to comply with any deadlines and for a hearing on the Trustee's Water Sale Motion.

13. Prior to filing this Motion, the undersigned conferred with the Trustee. The Trustee was unable to reach ECM to resolve these matters as of the filing of this Motion. However, the Trustee opposes the relief requested.

WHEREFORE, the Debtors respectfully move this Court for an Order Continuing the hearing on the Trustee's Water Sale Motions and Extending the Deadline for the parties to file and exchange witness and exhibit lists, and request that the Court enter any and all appropriate sanctions and relief.

DATED November 6, 2017.                    Respectfully submitted,
                                           BUECHLER & GARBER, LLC

                                           */s/ Kenneth J. Buechler*

                                           _____
                                           Kenneth J. Buechler, #30906
                                           999 18th Street, Suite 1230-S
                                           Denver, Colorado 80202
                                           Tel: 720-381-0045
                                           Fax: 720-381-0382
                                           ken@BandGlawoffice.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 6, 2017, I served by prepaid first class mail (or other acceptable means, i.e. via hand delivery) a copy of the **MOTION TO CONTINUE HEARING ON TRUSTEE'S MOTION FOR SALE OF WATER RIGHTS AND RELATED RELIEF** and proposed order on all parties against whom relief is sought and those otherwise entitled to service pursuant to FED.R.BANKR.P. and these L.B.R. at the following addresses:

Alexander N. Kim
Laura J. Foster
69 Vista Hi Dr.
Carbondale, CO 81623

Sara Dunn
PO Box 790
Glenwood Springs, CO 81602

Susan J. Hendrick
9745 E. Hampden Ave., Ste. 400
Denver, CO 80231

Douglas Larson
422 White Ave., Ste. 323
Grand Junction, CO 81501

Cynthia Lowery-Graber
Paul J. Lopach
Craig K. Schuenemann
1700 Lincoln Street, Ste. 4100
Denver, CO 80203

Boyd Rolfson
555 Zang Street, Ste. 100
Lakewood, CO 80228

Benjamin Skeen
Skeen & Skeen, PC
217 E. Seventeenth Avenue
Denver, CO 80203

Matthew D. Skeen, Sr.
P.O. Box 218
Georgetown, CO 80444

Alison Goldenberg
US Trustee 11
Byron G. Rogers Federal Bldg.
1961 Stout Street, Ste. 12-200
Denver, CO 80294

 */s/ Sharon E. Fox*
For Buechler & Garber, LLC