# AGREEMENT BETWEEN DOUGLAS LARSON, TRUSTEE, ALEXANDER N. KIM, AND LAURA J. FOSTER, TO SELL ESTATE'S INTEREST IN WATER SHARES

## PARTIES

Douglas Larson, as chapter 7 trustee of the Bankruptcy Estate of Alexander N. Kim and Laura J. Foster, Case No. 10-33960-MER, United States Bankruptcy Court for the District of Colorado, and

Alexander N. Kim and Laura J. Foster, for their Agreement to Sell the Bankruptcy Estate's Interest in Water Shares, do hereby state and agree as follows:

## BACKGROUND

A. The Debtors filed their voluntary petition seeking relief under chapter 11 of the Bankruptcy Code on September 21, 2010. By order of the Bankruptcy Court (Docket No. 127), the proceeding was converted to a chapter 7 proceeding on May 9, 2013.

B. The Debtors reside at real property located at 69 Vista High Drive, Carbondale, Colorado. JP Morgan Chase Bank, N.A. ("Chase"), asserts a lien in that property in the amount of $2,000,000.00. The Debtors dispute the lien of Chase.

C. The Debtors use their land for, among other things, agricultural purposes. In furtherance of their agricultural operation, the Debtors, prior to the bankruptcy case, obtained Stock Certificate #18 in the Missouri Heights-Mountain Meadows Irrigation Co for 603 shares of Class A stock, and Stock Certificate #63 in the Missouri Heights-Mountain Meadows Irrigation Co. For 190 shares of Class B Stock, which evidence the Debtor's water rights for water delivered to and which irrigate the real property at Mountain Meadows Ranch Filing 2, Lot 34, Carbondale, CO (Stock Certificate #18 and #63 are collectively referred to as the "Water Shares").

D. At the time of the Debtors' bankruptcy proceeding, Chase asserted that its lien covered the Water Shares. On July 12, 2017, this Court approved a stipulation, under which Chase agreed that its lien did not cover the water shares. No other party has asserted a lien against the Water Shares.



E.  The Debtors have claimed a homestead exemption of $60,000.00 in the Water Shares. The Trustee did not object to the Debtor's claim of exemption, and does not dispute that the Debtors are entitled to claim the exemption.

F.  The Debtors have offered to purchase the Water Shares from the Estate.

## AGREEMENT

1. On the 15th day after the entry of an Order approving this Agreement, the Debtors shall pay to the Estate the sum of $140,000.00, in exchange for the Estate's interest in the Water Shares. To the extent necessary, the Trustee shall execute and deliver a Trustee's Deed for the Water Shares.

2. The sale of the Water Shares to the Debtors is subject to Bankruptcy Court approval, after notice and an opportunity for a hearing. The Trustee will file a motion to approve the sale once both parties have signed this agreement. The Trustee's motion shall seek approval of this Agreement and the sale of the Water Shares under 11 U.S.C. §363(b) and (f), free and clear of any and all liens and encumbrances.

3. In the event that the Court approves this sale agreement, and the Debtors fail to close the sale within 15 days of the Court entering the order approving the sale, the Debtors agree that they will be liable to the Estate in the amount of $7,000.00, which is 5% of the purchase price, and the Estate will be free to market the Water Shares to other parties.

4. The Debtors have previously asserted that they have paid assessments or other expenses to maintain the water shares during the course of the bankruptcy. These expenses will not be deducted from the sale price.

5. The Debtors will not be entitled to payment of their homestead exemption out of the proceeds of the sale.

6. Each party shall pay its own expenses related to the matters settled by this Sale Agreement.

7. This Sale Agreement may be executed by facsimile signature which shall be deemed an original.



8.   This Sale Agreement will become effective when all the parties have signed it. The date this Agreement is signed by the last party to sign it (as indicated by the date associated with the party's signature,) will be the date of this Sale Agreement.

9.   Each Party to this Sale Agreement hereby agrees to execute and deliver such other or additional documents as may be reasonably requested by another Party to fully effectuate the terms of this Sale Agreement.

10.  This Sale Agreement may not be altered, amended, or modified in any respect, except in writing duly executed by the parties and subject to approval of the Bankruptcy Court.

11.  This Sale Agreement shall not be construed more strictly against one Party as compared to another, as the Parties consider that each has contributed materially and substantially to its preparation.

12.  The terms of this Sale Agreement are conditioned upon entry of an Order by the Bankruptcy Court approving this Agreement. Should this Sale Agreement not be approved by the Bankruptcy Court, this Sale Agreement shall be null and void.

13.  This Sale Agreement shall inure to the benefit of, and be binding upon, the respective agents, predecessors, successors, and assigns of the parties, the creditors and the estate.

14.  Governing Law: This Sale Agreement shall be governed by and construed in accordance with the law and rules applicable in the United States Bankruptcy Court for the District of Colorado. Where state or substantive law other than the Bankruptcy Code controls, this Sale Agreement shall be governed by the substantive law of the State of Colorado, without regard to its choice of law rules.

15.  Forum Selection: Any action relating to, based upon, or arising from a breach of this Sale Agreement shall be brought only in the United States Bankruptcy Court or the United States District Court for the District of Colorado, which shall retain jurisdiction over the subject matter and parties for this purpose.

**TRUSTEE:**

_____          _____
Douglas E. Larson, Trustee               Date

**Alexander Kim and Laura Foster:**

_____                _____
3/15/18                                  3/15/18

8. This Sale Agreement will become effective when all the parties have signed it. The date this Agreement is signed by the last party to sign it (as indicated by the date associated with the party's signature,) will be the date of this Sale Agreement.

9. Each Party to this Sale Agreement hereby agrees to execute and deliver such other or additional documents as may be reasonably requested by another Party to fully effectuate the terms of this Sale Agreement.

10. This Sale Agreement may not be altered, amended, or modified in any respect, except in writing duly executed by the parties and subject to approval of the Bankruptcy Court.

11. This Sale Agreement shall not be construed more strictly against one Party as compared to another, as the Parties consider that each has contributed materially and substantially to its preparation.

12. The terms of this Sale Agreement are conditioned upon entry of an Order by the Bankruptcy Court approving this Agreement. Should this Sale Agreement not be approved by the Bankruptcy Court, this Sale Agreement shall be null and void.

13. This Sale Agreement shall inure to the benefit of, and be binding upon, the respective agents, predecessors, successors, and assigns of the parties, the creditors and the estate.

14. Governing Law: This Sale Agreement shall be governed by and construed in accordance with the law and rules applicable in the United States Bankruptcy Court for the District of Colorado. Where state or substantive law other than the Bankruptcy Code controls, this Sale Agreement shall be governed by the substantive law of the State of Colorado, without regard to its choice of law rules.

15. Forum Selection: Any action relating to, based upon, or arising from a breach of this Sale Agreement shall be brought only in the United States Bankruptcy Court or the United States District Court for the District of Colorado, which shall retain jurisdiction over the subject matter and parties for this purpose.

TRUSTEE:

_____          3/15/2018
Douglas E. Larson, Trustee                Date

**Alexander Kim and Laura Foster:**

_____          _____