# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
# The Honorable Michael E. Romero

| | |
|---|---|
| In re:<br><br>ALEXANDER N. KIM,<br>LAURA J. FOSTER,<br><br>Debtors. | Case No. 10-33960 MER<br><br>Chapter 7 |

## ORDER

THIS MATTER comes before the Court on the Motion of Debtors Alexander N. Kim and Laura J. Foster ("**Debtors**") for a Stay Pending Appeal.[1]  Debtors seek an Order staying JP Morgan Chase Bank, N.A. from collection actions pending the Debtors' appeal of this Court's November 15, 2016 Order Granting Motion for Sanctions.[2]

The Debtors appealed the Claim Order to the U.S. District Court for the District of Colorado ("District Court").[3]  On March 2, 2018, the District Court affirmed the Claim Order.[4]  On May 2, 2018, the Debtors filed a further appeal to the United States Court of Appeals for the Tenth Circuit.[5]  Debtors now seek a stay of the Claim Order pending their appeal of the District Court Order to the Tenth Circuit Court of Appeals.

Stay pending appeal of a final order of a United States district court regarding an appeal from a bankruptcy court's order are governed by Fed. R. Civ. P. 8025.[6]  Pursuant to Rule 8025(b)(1), such a stay must be filed with the district court, not the bankruptcy court.

Debtors have not sought a stay pending appeal from the District Court pursuant to Rule 8025(b)(1), but instead, seek a stay from this Court

---

[1] ECF No. 539 ("**Motion**").

[2] ECF No. 376 ("**Claim Order**").

[3] *See* ECF No. 376.

[4] *See* ECF Nos. 493 and 494 ("**District Court Order**").

[5] *See* ECF No. 505.

[6] References herein to "Rules" are to the Federal Rules of Bankruptcy Procedure, cited herein as "Fed. R. Bankr. P."

pursuant to Rule 8007(a). However, Debtors at present are not appealing an order of this Court, but rather, an order of the District Court. Therefore, Rule 8025(b)(1) applies and Rule 8007(a) does not.

In a similar case, this Court held its order staying a judgment pending appeal to the district court did not extend to an appeal of the district court's subsequent order.[7] First, the Court held it is "axiomatic that, in order to obtain a stay of a district court or bankruptcy appellate panel order or judgment pending appeal to a court of appeals, a party should seek such a stay under Rule 8017."[8] The Court then held "[a] Rule 8005 stay pending appeal should not extend to an appeal of the district court or bankruptcy appellate panel to the court of appeals."[9] The Court reasoned the existence of Rule 8025 "negates the need for a bankruptcy court to issue an open ended stay pending appeal that would continue through a subsequent appeal to the Tenth Circuit."[10] The Court reasoned "[d]istrict courts and bankruptcy appellate panels should be free to exercise such authority without interference from the bankruptcy court."[11] The Court ultimately concluded its order granting a stay pending appeal terminated upon the entry of the appellate court's mandate, and the Court had no power under Rule 8005 to stay the district court's order pursuant to Rule 8005 (now Rule 8007).[12]

The Court notes *Kendall* was decided before the addition of new Rule 8025(c). Rule 8025(c) would have automatically granted the appellant in *Kendall* a stay of the bankruptcy court's order, but only if the appellant first obtained a stay from the bankruptcy appellate panel of its order pursuant to Rule 8025(a). The addition of sub-section (c) to Rule 8025, therefore, does not change the applicability of the Court's analysis in *Kendall* to the issues in this case.

Pursuant to *Kendall* and the authorities cited therein, the Court concludes Debtors filed the Motion in the wrong case. This Court has no

---

[7] *In re Kendall*, 510 B.R. 356, 361-62 (Bankr. D. Colo. 2014).

[8] *Id.* Since the Court's order in *Kendall*, Rule 8005 has been re-numbered to 8007 and Rule 8017 has been re-numbered to 8025.

[9] *Id.*

[10] *Id.*

[11] *Id.* at 362.

[12] *Id.* at 365-66.

power to grant a stay pending appeal of the District Court's order. Such a request must be sought from the District Court.

For the foregoing reasons,

IT IS HEREBY ORDERED the Motion is DENIED.

Dated July 25, 2018          BY THE COURT:

*[signature]*

Michael E. Romero, Chief Judge
United States Bankruptcy Court